**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4727

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SEAN SCOTT,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge. (CR-02-407-MJG)

Submitted: September 16, 2004    Decided: September 21, 2004

Before LUTTIG, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kenneth W. Ravenell, SCHULMAN, TREEM, KAMINKOW, GILDEN & RAVENELL, P.A., Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Jane M. Erisman, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sean Scott entered a conditional guilty plea to being a felon in possession of a firearm, 18 U.S.C. § 922(g) (2000). In his plea agreement, he reserved the right to challenge the denial of his motion to suppress. The district court sentenced Scott to forty-one months of imprisonment, and he timely appealed.

Claiming that the police did not properly advise him of his rights in accordance with Miranda v. Arizona, 384 U.S. 436 (1966), Scott contends that the district court erred by denying his motion to suppress the statements he made to the police. The district court held an evidentiary hearing at which the investigating police officer testified that he administered Miranda warnings before questioning Scott. Scott testified that he did not receive Miranda warnings until after he had already made incriminating statements. Finding the police officer more credible than Scott, the district court denied the motion to suppress.

We review the factual findings underlying a motion to suppress for clear error and review the legal determinations de novo. United States v. Photogrammetric Data Servs., 259 F.3d 229, 237 (4th Cir. 2001). The district court's decision rested on its credibility determinations regarding the testimony at the suppression hearing, and such credibility determinations are not subject to appellate review. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). After reviewing the record, we find that

- 2 -

the district court did not commit clear error in denying the motion to suppress.

Accordingly, we affirm Scott's conviction. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED